and at this time we'll hear Murphy versus Morlitz hello mr. Murphy yes good morning good morning you are on good morning to the panel I'd like to discuss in this appeal four different subjects this morning fraud accrual the burden of proof and and issues of waiver I know I have just five minutes so I'll speak quickly just keep in mind we do have your briefs thank you so much and and and I'd like to emphasize that fraud is the essence of this complaint and I would direct the panel's attention to the first the paragraphs between paragraph 16 and 26 in the first part of the complaint those paragraphs really succinctly lay out what are the activities that caused the deception and what was the intent to deceive just to review as to mr. Morlitz mr. Morlitz concealed the sale of the insurance policy in 2008 and and then subsequently concealed the distribution of proceeds of sale to five of the six siblings who were irrevocably designated beneficiaries of the islet trust that Moritz had created and was trustee over under those to all of the beneficiaries and appellant that's me what were the transactions the corpus of the trust and and he did not and he not only didn't time he continued to I contacted American General Life and and attempted to obtain benefits and American General Life did not disclose any information regarding mr. Morlitz or the existence of a trust or anything of that nature the insurance carrier simply said well this policy isn't mature it's a policy and you're not entitled to any benefits after Robert Murphy died in 2013 the insurance company continued to stonewall and it wasn't until suit was filed in California and later removed to federal court in Los Angeles that finally through rule 26 and other discovery became began to become known what are the effects of Morlitz and his co-conspirators committed well the effects are that it engages the provisions of New York procedural rule 213 subpart eight which gives a six-year or a two-year statute of limits and the court is familiar with that so I won't review its operation except to refer the court to the 307 AD 2nd 113 that's page 37 of our brief the reason that 213 subpart 8 applies in this case is not just that the gist of the complaint is fraud but also because it's a breach of is there any decision by the New York Court of Appeals on this point or is this point just decided by one appellate division the one you cite I think it's decided by one appellate division the one I cite and and the fact is that the reason for the distinction between a complaint alleging breach of fiduciary duty by fraud that claims only money damage is that some courts have applied the New York rule procedural rule 214 subpart 4 or subpart 5 which involves damage to property and that has a three-year statute so the New York courts seem to have drawn this distinction between cases that assert breach of fiduciary duty and allege only money recovery versus money and Mr. Murphy you've reserved two minutes rebuttal you can use it now or you can wait and listen to the other side well I better use it now I'm not talking fast enough I want to get to the dates of there is I want to pose a hypothetical to the court suppose that this policy after it was sold to CNF to or whichever suppose that that entity had failed to make the monthly premium payments on the policy which were running about twenty two thousand nine hundred dollars a month if that had happened then the policy would have lapsed and at the time the policy was sold both my parents were still alive after my mother died my father survived until 2013 if at any time during that period the policy had lapsed for non-payment of premiums then nobody would have gotten anything and and the fact is that there was nothing there to assess as damages until after my father died and the policy became mature and payable at that point my interest was also mature and payable and at that point which was in February of 2013 then there were some damages that had actually occurred prior to that point it was all expectancy so my point to the court is that since fraud and breach of fiduciary duty are torts that all of the elements for the tort need to be present in order for it to be properly and truthfully alleged in a complaint and those elements were not all present before 2013 because there weren't yet any damages now there are many other possible accrual dates besides February 2013 but I'm just pointing out this one and and I'm going to allow you to peruse the briefs to our time limitation now we we we do have the briefs it's a complicated case and and we will consider it on the basis of the argument as well as on the papers thank you very much we will hear the other side morning good morning your honors I'm Rachel Agassiz I represent Gerald Morlitz defendant Alpelli judge Broderick correctly found that all of the causes of action in this case six costs of action accrued out of a single alleged act of wrongdoing the sale of a life insurance policy in August 2008 the single beneficiary of that life insurance policy was a trust and the trust account had six beneficiaries the plaintiff appellant and his five siblings this is a claim in equity and that's a question we'll come back to then not only is it a six-year statute of 2008 is the date but the statute doesn't start to run until either the fiduciary renounces his position or the trust ends and can we say as a matter of 12b6 without any evidence when that occurred right so this actually I would argue it's it's not an action in equity so you know plaintiff just mentioned three different possible equitable release actually for the first time in this appeal he does not argue equitable relief in his underlying papers but he argues except well he did argue that he did ask for an accounting and if an accounting is equitable relief he doesn't have to say that does he I mean is that is an accounting equitable relief right so I that the accounting in this circumstance is not a request for equitable relief but merely a calculation of the monetary damages that plaintiff is requesting from the proceeds of the sale of the life insurance policies the trust had a single asset and that was a life insurance policy when it was sold one question do you agree that if there is an account an equitable claim together with a claim at law that then the statute of limitations is the equitable one that is do agree with this Kaufman case with this decision of the appellate division or are you challenging that as the applicable law I agree that in claims of equitable relief for breach of fiduciary duty in accounting the statute limitations of six years and it's told as of the point of open repudiation my question is when you have both an account and an equitable and a claim of law that case holds at the appellate division level that then the statute of limitation runs for the agree that it runs only as to the equitable relief claims not to the claims of monetary relief even let me just focus on the equitable relief claim because it's a six-year statute correct for for constructive trust and accounting correct I'm talking about now that the claim of breach of fiduciary duty it seems to me that the breach of fiduciary duty is if there's an open repudiation and that would that would start the start the process we don't have that here but as far as the trust terminating I'm not sure that the rule is whether the trust terminates or whether the purpose of the trust remains to be achieved if you know whether that's the distinction the purpose of the trust in this situation it seems to me that once the policy was sold the purpose of the trust was achieved and that would that would be the starting point for the for the accrual that that's entirely correct the trust contemplated the purchase of this life insurance policy and there was no other purpose correct that's entirely even the plaintiff in the in the complaint says there's no other purpose the complaint says the trust was irrevocable the trust beneficiary designations were irrevocable that the sole purpose of the trust was to distribute after after the later of the deaths of Robert and H. Shirley the trust property to its beneficiaries and this whole trust property was intended to be the policy of insurance underwritten by AGL so once the policy was sold the purpose was achieved correct and the trust even contemplates the potential sale of the insurance policy because the premiums were fairly hefty and it contemplates that the policy might actually cost the the trust money right once that that happened then the policy was sold the proceeds came into the trust and then were distributed is that is that correct so there was correct there was no I mean is the policy I guess still continued it was ensuring the lives in question but the but there was no nothing for the for the beneficiaries to receive after they receive the proceeds correct that's entirely right how that it was up to whoever purchased the policy to worry about the premiums yes that's correct and there was no obligation under the trust to pay the premiums and also there there's provision the trust that grants mr. Morlitz as the trustee the sole discretion as to how to distribute the funds meaning that he did not have any obligation to distribute the funds to the beneficiaries equally now if that is so then even with a six-year statute you say that the statute of limitations has run correct correct so August 2008 really a matter of three year or six year statute it's a matter of when the statute begins correct so if if it was the date of the sale as we argue which is August 2008 and this all of the statute of limitations have expired thank you morning your honors Jim Anderson for the appellees RAI premium finance and RAI insurance group hope I don't overwhelm you with the sound the we have joined as you're aware from the briefs in the statute of limitations arguments made by our co-appellee and I restate our support and joining in those arguments here we think judge Broderick was was dead on in particular in fixing on the fact that this was not about a fiduciary relationship this was about a specific transaction and a transaction that happened and a trust that came to an end and that is the source of everything mr. Murphy is complaining about a trust corpus can be expended and more assets can be poured over it however that doesn't necessarily mean a trust ends it could continue in this case and under the complaint what we have is a specific transaction in August of 2008 and other allegations by December of 2008 that the trust proceeds or the insurance policy proceeds is that kind of issue to be decided at 12 b6 or is it the kind of issue on which some facts would be relevant and so we would have to wait until summary judgment perhaps to decide I mean that for me is the question and can we put this as it is so obvious that the purposes of the trust ended at that time or is it plausible possible of the facts alleged that we would find that the purposes of the trust continue until some later time that's that's where I am kind of hung up I think for purposes of this mr. Murphy is focused on a specific transaction that was done by his own allegations by the end of 2008 and that disposes of that issue it's clear to me from the complaint I think it's clear to anyone that ultimately what he wants is he wants his one-sixth he said I want what my siblings got ultimately what you are arguing is that it doesn't matter because you're not concerned with any of this anyway your brief says and and you're now arguing most of the thing that well co-counsel and I'll tell you that was really what I was going to stand up and talk about which is we are strangers to this I have we started in California with a lawsuit against 18 defendants John Doe's and Jane Doe's that lawsuit that lawsuit was dismissed it was dismissed as to the RAI defendants and CNF to for lack of prosecution mr. Murphy never even served my clients there so he comes back here and the defendant roster is pared down and I think optically it looks a little better you still made the list but we still made the list but we've got literally two allegations the one as the RAI premium finance is that we financed in 2005 this insurance policy in effect we made it a couple years later we got paid off mr. Murphy has not raised any issue as to that transaction at all hasn't not saying it wasn't arm's-length that the price wasn't fair it wasn't proper wrongdoing nothing at all as to RAI premium finance court of course never reached this because they decided what you were talking about before and said the statute of limitation that was out so the question is is it appropriate for us to decide that you were out were we to disagree with the argument on the statute of limitation or should we best send it down back to the district court and let the district court deal with that argument well I think you could deal with that now I think within the four corners of the complaint you have that power with respect to CNF the old sole allegation is that they bought the policy there are some other things about what they may have known there's things are insinuated there's no agreement there's no statement that they knew they induced they acted they did anything other than buy this policy in an arm's-length transaction which is what they do for a living thank you thank you thank you all we will reserve decision